```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

REBECCA EVANOFF,

                Plaintiff,

                                    **Hon. Hugh B. Scott**

v.

                                    12CV726A

                                    **Report**
                                      **&**
NEW YORK STATE DEPARTMENT OF       **Recommendation**
CORRECTIONS AND COMMUNITY
SUPERVISION,
RONALD MOSCICKI, as Aider and Abettor,
AND HILDA ANCELET, as Aider and
Abettor,

                Defendants.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 8). The instant matter before the Court are defendants' New York State Department of Corrections and Community Supervision ("DOCCS") (Docket No. 7[1]) and Ronald Moscicki (Docket No. 19[2]) separate motions to dismiss.

---

[1] In support of its motion, DOCCS submits its Memorandum of Law, Docket No. 7; and Reply Memorandum, Docket No. 11. Plaintiff responded with her Memorandum of Law, Docket No. 10, and exhibits, id., including her New York State Division of Human Rights complaint (under her former name, Ex. A) and the determination by that agency (Ex. C).

[2] In support of his motion, Moscicki submits his Memorandum of Law, Docket No. 19; and Reply Memorandum, Docket No. 26. Plaintiff responded with her Memorandum of Law with exhibits, Docket No. 25.

After referral of this case to the undersigned (Docket No. 9), plaintiff's response to DOCCS's motion was due by November 5, 2012, with any reply due by November 16, 2012 (Docket No. 9). DOCCS then moved (with plaintiff's consent) to have its motion held in abeyance pending the appearance of codefendants (Docket No. 12). After both individual defendants were given extended time to appear (Docket Nos. 13, 15), Moscicki moved to dismiss (Docket No. 19), as did Ancelet (Docket No. 17). Responses to the codefendants' motions were due by March 1, 2013, with any reply due March 15, 2013 (Docket No. 18).

After Ancelet moved to dismiss (Docket No. 17), the parties stipulated to dismiss claims against her (Docket Nos. 23 (Stipulation), 24 (Order adopting Stipulation); see also Text Order of Feb. 8, 2013, terminating Ancelet's motion; Docket No. 21, attempted Stipulation).

## BACKGROUND

This is a Title VII gender discrimination action, in which plaintiff (a Caucasian female, Docket No. 1, Compl. ¶ 2) alleges claims against DOCCS for hostile work environment, retaliation, parallel violations of New York State Human Rights Law, N.Y. Exec. Law § 296, as well as her seventh cause of action under 42 U.S.C. § 1983 for discrimination against defendant Moscicki (see generally id., Compl.). Plaintiff initially sued three defendants, DOCCS, Moscicki, and former corrections counselor Hilda Ancelet (Docket No. 1, Compl. ¶¶ 3, 16; cf. Docket No. 19, Moscicki Memo. at 1). Plaintiff alleges that she exhausted her administrative remedies and timely filed this action (Docket No. 1, Compl. ¶¶ 7-10). Plaintiff worked at DOCCS's Lakeview Shock Incarceration Facility ("Lakeview") as a teacher and later became a corrections counselor (id. ¶¶ 3, 11). Moscicki was the superintendent at Lakeview when plaintiff was hired (id. ¶ 12).

Plaintiff alleges that Moscicki made various derogatory comments referencing women, using derogatory language about and to female employees (id. ¶¶ 13-14). Plaintiff claims that Moscicki could be physically threatening to her, banging his fist against a wall or on a desk or in his palm while saying "badda boom" to her (id. ¶ 15).

On or about June 11, 2010, plaintiff and two other female correction counselors and a keyboard specialist filed individual complaints with DOCCS's Office of Diversity Management, disclosing a romantic relationship between Moscicki and Ancelet, as well as reporting derogatory comments and treatment the complaining employees received (id. ¶ 16). Plaintiff then claims that she heard repeated conversations between Ancelet and Moscicki about these complaints and plaintiff claims that she was subjected to repeated hostility from Ancelet and Moscicki (id. ¶ 17). Plaintiff claims that Moscicki falsely claimed that plaintiff wore jeans to work on September 9, 2010, when she did not wear them, causing plaintiff embarrassment which plaintiff claims was increased when a memorandum was disseminated on the dress code which she claimed was "a signal to Defendant's staff to laugh at the Plaintiff thereby demeaning and degrading her" (id. ¶ 19). Plaintiff was offered a four-day work week with Fridays off in return for taking an increased female inmate workload (more difficult caseload than with male inmates) but after she filed her internal complaint that offer was rescinded (id. ¶ 20). She raises other complaints (that she was falsely accused of directing Hispanic inmates to not speak Spanish and was chided for not signing in log books, id. ¶¶ 21, 22) but these accusations do not state who made them (see Docket No. 7, DOCCS Memo. at 4).

*DOCCS's Motion to Dismiss*

DOCCS argues that plaintiff fails to state a claim for sex discrimination that, at worst, she complains about an obnoxious boss which is not actionable under federal or state law (Docket No. 7, DOCCS Memo. at 5-15). DOCCS[3] contends that plaintiff fails to allege an adverse employment action from Moscicki's conduct (id. at 6-8, 16-17). Plaintiff also fails to allege that a federal right was violated to state a claim under 42 U.S.C. § 1983 (id. at 17). DOCCS argues that this Court should not exercise supplemental jurisdiction on plaintiff's New York State Human Rights Law claims (id. at 17-18).

Plaintiff argues that DOCCS does not represent Moscicki and thus she does not respond to DOCCS's argument against her § 1983 claims (Docket No. 10, Pl. Memo. at 1). She notes that the State Division of Human Rights found probable cause to believe that DOCCS engaged in unlawful discriminatory conduct (id. at 2). Plaintiff contends that Moscicki and Ancelet's "inappropriate sexual relationship, behavior, and conversations had become so severe and pervasive as to make the workplace a hostile environment" (id. at 2-3; Ex. C, "Final Investigative Report," at 2). The relationship raised Ancelet to a "de facto executive" (Docket No. 1, Compl. ¶ 28; Docket No. 10, Pl. Memo. at 3).

As for this motion to dismiss, plaintiff concludes that she made a prima facie showing for each element of her claims (Docket No. 10, Pl. Memo. at 6). She argues that the changes in her

---

[3]DOCCS notes that two other female employees had complained as did plaintiff about Moscicki's relationship with Ancelet and both women also filed suit, Docket No. 7, DOCCS Memo. at 3; see Allessi v. New York State Dep't of Corrections and Cmty. Supervision, No. 12CV725; Korzeniewski v. New York State Dep't of Corrections and Cmty. Supervision, No. 12CV727. DOCCS has filed pending motions to dismiss in these actions, Allessi, supra, No. 12CV725, Docket No. 20; Korzeniewski, supra, No. 12CV727, Docket No. 8.

4

schedule and workload sufficiently allege adverse actions against her when coupled with Moscicki's discriminatory comments and actions (id. at 6-8). These adverse actions were temporally proximate to plaintiff's complaints (id. at 8). Plaintiff asserts that Moscicki's derogatory comments and insults based upon gender are evidence of disparate treatment based on sex (id. at 8-9).

Although evidence of "paramour" preference alone is not sufficient to create a hostile work environment, plaintiff argues that this is part of the total circumstances for her hostile work environment claim (id. at 10). Moscicki's evidence of preferential treatment is relevant in a larger context of DOCCS's overall discrimination (id. at 11). Plaintiff concludes that whether this is severe and pervasive cannot be determined on a motion to dismiss but requires discovery (id. at 11-12).

In reply, DOCCS argues that a supervisor's favoritism toward an alleged paramour is not actionable as sex discrimination (Docket No. 11, DOCCS Reply at 1, 4-5), see DeCinto v. Westchester Cnty. Med. Ctr., 807 F.2d 304, 306-08 (2d Cir. 1986), cert. denied, 484 U.S. 825 (1987). DOCCS argues that the alleged name calling and rude comments by Moscicki did not lead to the loss of tangible benefits to be actionable (id. at 2). Courts in Miller v. Praxair, Inc., 408 Fed. Appx. 408, 410 (2d Cir. 2010) (summary order), cert. denied, 131 S.Ct. 3067 (2011), Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000), and Zucco v. Auto Zone, Inc., 800 F. Supp. 2d 473, 477 (W.D.N.Y. 2011) (Larimer, J.), held that adverse action must be more then an adjustment in hours; instead, those courts held that sufficiently adverse actions include termination, demotion, loss of salary or benefits, a less distinguished title, significantly diminished material responsibilities, Galabya, supra, 202 F.3d at 640; Miller, supra,

408 Fed. Appx. at 410 (Docket No. 11, DOCCS Reply Memo. at 3 & n.2). As for plaintiff's retaliation claims, DOCCS replies that plaintiff also has not plead the loss of anything in value due to the alleged adverse action to state a claim (id. at 3).

*Moscicki's Motion to Dismiss*

Moscicki argues that sovereign immunity bars plaintiff's state Human Rights Law claims against him (Docket No. 19, Moscicki Memo. at 4-5; see Docket No. 26, Moscicki Reply Memo. at 3-6). He also argues that there was no violation of Title VII or the State Human Rights Law and, given the lack of a federal statutory violation, no civil rights claim under § 1983 (Docket No. 19, Moscicki Memo. at 5-9, 9).

Plaintiff repeats (almost verbatim) her responses to DOCCS's motion as response to Moscicki's motion (Docket No. 25; cf. Docket No. 10), even stating that defendant does not represent Moscicki (Docket No. 25, Pl. Memo. at 1) although the defendant here is Moscicki. Plaintiff withdrew her Title VII claim against Moscicki (id. at 6).

In reply, Moscicki argues that plaintiff's state Human Rights Law claims should be dismissed for failing to allege sex discrimination (Docket No. 26, Moscicki Reply Memo. at 6-7, 8-10).

## DISCUSSION

I.  Applicable Standards

   A.  Motion to Dismiss

Defendants each have moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in

the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B. Gender Discrimination, Hostile Work Environment

As noted by Judge Larimer in Zucco, supra, 800 F. Supp. 2d at 476, "to allege a prima facie case of sex discrimination under Title VII, a plaintiff must demonstrate that : (1) she was within the protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination," (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009)). Sex discrimination claims under the New York State Human Rights Law are analyzed under this Title VII framework, Zucco, supra, 800 F. Supp. 2d at 476; see Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000).

C. Supplemental Jurisdiction

If the federal claims are dismissed, under 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over other, state law claims arising within the original jurisdiction of this Court if this Court dismissed all claims over which it had original jurisdiction or if the state law claims substantially predominate over the dismissed federal claims, id. § 1367(c)(3), (2).

II.  Application

　　A.  Federal Claims

Looking at the totality of circumstances alleged in the Complaint, as invited by plaintiff (cf. Docket No. 10, Pl. Memo. at 10) and as in Zucco, supra, 800 F. Supp. 2d at 477, the issue here is whether plaintiff alleges a prima facie case of an adverse employment action having occurred to assert Title VII claims. Plaintiff only alleges as an adverse action that her opportunity to work a four-day week with Fridays off (in return for a more difficult caseload) was taken away once she filed her internal complaint about Moscicki. "An adverse employment action must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities,'" id. (quoting Galabya, supra, 202 F.3d at 640). In Zucco, Judge Larimer rejected as an adverse action the actual change in hours after plaintiff's met regarding a male supervisor's outburst, id. at 474, 477, while in this case, plaintiff merely was offered a change that disappeared. Plaintiff does not allege any other material change in her duties due to Moscicki's conduct or her complaints about it. Plaintiff has failed to allege any facts which demonstrate that defendants' actions were in any way based upon her gender, see id. at 477. The probable cause finding by the State Division of Human Rights is based upon a hostile work environment arising from the Moscicki-Ancelet relationship, from Moscicki favoring certain employees, and his derogatory comments directed to female employees (Docket No. 10, Ex. C). But the agency found that Moscicki favored and disfavored female employees as well male, with the favoring based upon being friendly with Ancelet. Even if this created a hostile environment, the element for plaintiff's claim not shown is an adverse action to plaintiff. Defendants' motions to dismiss (Docket Nos. 7, 19) should be **granted** and this action **dismissed**.

B.       Supplemental Jurisdiction over State Human Rights Law Claims

Absent federal subject matter jurisdiction over plaintiff's claims (as recommended above), this Court should not exercise supplemental jurisdiction to consider her parallel state law claims.

## CONCLUSION

Based upon the above, it is recommended that the motion of defendant New York State Department of Corrections and Community Supervision to dismiss (Docket No. 7) be **granted** and the motion of defendant Ronald Moscicki to dismiss (Docket No. 19) be **granted**. As a result, plaintiff's action should be **dismissed**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 11, 2013